Matter of the Estate of RICHARD T. SHEA, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Wills — construction of — trusts — direction for accumulation of income for adults being void goes to those presumptively entitled to next eventual estate — military service constitutes professional occupation or business.

Where a testamentary trustee was directed to pay to each of testator's two sisters $1,000 a year in equal quarterly installments, the income of a certain fund carved out of the residuary estate bequeathed to him in trust, and upon the death of the survivor of them to distribute the principal and accumulated income of said trust fund among testator's three nephews in equal shares but in the event that the income was more than sufficient to make the payments to one or both of the sisters, the surplus income was to be paid in equal quarterly installments to them share and share alike or to the survivor of them, the surplus income over $1,000 goes to the surviving sister.

The trustee was directed to create another trust fund out of the residuary estate and to hold it until the younger of two of testator's nephews should become thirty years of age or upon his death before that time until the elder nephew should reach that age, and to pay a certain part of the income to each of testator's three nephews until the termination of the trust, at which time a division of the accumulated income and principal among the three nephews was directed. One of the nephews is now over twenty-one years of age and the others under that age but over nineteen. *Held,* that as no direction was made for the disposition of the surplus income and an express direction as to payment of the accumulated income, the implied direction for its accumulation for adults is void, and that portion of the income from said trust fund remaining after the annual payments to all of the nephews of the amounts authorized by the testator must be paid to them as persons presumptively entitled to the next eventual estate.

Where testator directed the payment of certain income to his nephews between the ages of nineteen and twenty-five if they "shall be engaged in some business or professional occupation or shall be engaged in obtaining a professional education" two of the nephews who at present are in the military service of the United States are entitled to said income.

APPLICATION by an executor and trustee under the will of deceased for the construction of certain parts of the will.

Hill, Lockwood, Redfield & Lydon (Robert L. Redfield, of counsel), for executor.

Jerry B. Sullivan, special guardian.

FOWLER, S.  This is an application by an executor and trustee under the will of the deceased for a construction of certain parts of article fifth of the will. In that article the testator gave his residuary estate to his trustee in trust and then provided as follows: " If my mother shall survive me, said trustee shall from such entire estate set apart and establish a fund

which is hereafter designated Fund A, the principal of which shall be $30,000." The income from the fund was given to his mother during her life, and upon her death the remainder to his three nephews. The testator's mother predeceased him, and the question submitted by the trustee is whether the trust fund A should be established.

The right of the trustee to create the fund was made, by the terms of the will, dependent upon the testator's mother surviving him, and as she predeceased him the condition upon which the creation of the fund was dependent failed, and that paragraph of the will becomes inoperative and ineffective. That this was the intention of the testator is made manifest from the paragraph of article fifth, in which he creates fund C. In that paragraph he states " such Fund C shall consist of that portion of the entire trust estate not included in either Fund A or Fund B, or if neither my mother nor either of my sisters survive me, then such Fund C shall consist of the entire trust estate." The trustee, therefore, is not authorized to create fund A and the amount that might be used for that purpose goes into fund C.

In article fifth the testator directed his trustee to set apart the sum of $50,000 in a fund to be designated fund B, and from the income to pay to each of his two sisters $1,000 a year in equal quarterly installments, and upon the death of the survivor of the two sisters " to distribute Fund B, including both principal and accumulated income among my three nephews equally. If the income of such Fund B shall be more than sufficient to make said monthly payments to one or both of my said sisters, as the case may be, then such surplus of income shall be paid in quarterly payments to my said sisters, share and share alike, or to the survivor

of them.'' The last paragraph provides for the disposition of any income derived from the funds in excess of the $1,000 which the testator directs to be paid to each of his two sisters. The question submitted by the trustee is, upon the death of either of the testator's two sisters what disposition shall be made of the income from fund B in excess of the $1,000 a year which the testator in the first part of the paragraph directs to be paid to each of the sisters? I am inclined to think that the testator in the last paragraph above quoted manifests an intention to give the entire income from the trust fund B to his surviving sister. The words '' surplus of income shall be paid in quarterly payments to my said sisters, share and share alike, *or to the survivor of them,*'' show that he intended the surplus income over $2,000 to be paid in quarterly payments to his two sisters, and upon the death of either, then the surplus (which would be the amount of income derived from the fund in excess of $1,000 directed to be paid in the first part of the paragraph) should be paid to the survivor.

In article fifth the testator directs his trustee to create fund C and to hold it until the younger of two of his nephews shall become thirty years of age, or upon the death of the younger nephew before reaching that age until the elder shall reach thirty, and to pay a certain part of the income to each of his three nephews until the termination of the trust, when the accumulated income and principal is to be divided between the three nephews. One of the nephews is over twenty-one; the other two are under twenty-one, but over nineteen. The question submitted by the trustee is what disposition shall be made of that portion of the income from fund C which remains after the annual payments to the three nephews of the amounts authorized by the testator. As the trust created by the

testator does not terminate until the younger of the two infants shall reach the age of thirty years, and no direction is made for the disposition of the surplus income from the fund, and there is an express direction that the accumulated income shall be paid over to the nephews upon the termination of the trust, the implied direction for the accumulation of income is void as being a direction for the accumulation of income for adults, and the surplus income from the fund is to be paid to those presumptively entitled to the next eventual estate, namely, the three nephews of the testator. *Cochrane* v. *Schell*, 140 N. Y. 516.

The testator also provides that certain income shall be payable to the nephews between the ages of nineteen and twenty-five if they " shall be engaged in some business or professional occupation or shall be engaged in obtaining a professional education." Two of the nephews are at the present time in the military service of the United States government, and the question submitted by the trustees is whether such occupation entitles them to the income within the limitations prescribed by the testator. I am inclined to think that the service now being rendered by the nephews to the United States government constitutes such a professional occupation or business as entitles them to the income provided by the testator in the subdivision of article fifth designated as fund C.

Decreed accordingly.